

# NUMBER 13-22-00355-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEJANDRO DURAN CHAVEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Alejandro Duran Chavez attempts to appeal convictions for two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021. On June 24, 2019, the trial court sentenced appellant to seventeen years of imprisonment for each count with the sentences to run concurrently. Appellant's notice of appeal was filed in the district court on October 30, 2019 but was not filed in this Court until August 2, 2022. On

August 2, 2022, the Clerk of this Court notified appellant that it appeared that the appeal had not been not timely perfected and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1. Appellant did not respond to the Clerk's notice, request an extension of time to respond, or correct the defect.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). In a criminal case, the defendant must file a notice of appeal within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See id.* R. 26.2(a)(1). If the defendant timely files a motion for new trial, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The defendant may obtain an extension of time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the defendant files the notice of appeal in the trial court and files a motion complying with the Texas Rules of Appellate Procedure in the appellate court. *See id.* R. 26.3; *see also id*. R. 10.5. Thus, a late notice of appeal may be considered timely if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the

notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522.

Here, appellant filed a motion for new trial on July 23, 2019. Accordingly, the notice of appeal was due within ninety days after the day sentence was imposed, or by September 23, 2019. *See* TEX. R. APP. P. 26.2(a)(2); *see also id.* R. 4.1(a) (extending periods of time that fall on a Saturday, Sunday, or legal holiday). However, appellant's notice of appeal was not filed until October 30, 2019.

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that the notice of appeal was not timely filed, and we thus lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d 208; *Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 242–43 (Tex. Crim. App. 1991) (orig. proceeding) (explaining that out-of-time appeals are governed by post-conviction writs of habeas corpus). We further note that, even if appellant had timely appealed, the trial court's certification of appellant's right to appeal states both that the case is a plea bargain, and the defendant has no right to appeal, and that the defendant has waived the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

We dismiss this appeal for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of August, 2022.

3